24-3255-cv
*Sweigert v. Goodman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-six.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

D.G. SWEIGERT,

> *Plaintiff-Appellant,*

> v.                                                                              24-3255

JASON GOODMAN, 21ST CENTURY 3D, CROWDSOURCE THE TRUTH,

> *Defendants-Appellees,*

MULTIMEDIA SYSTEM DESIGN, INC., DOING BUSINESS AS CROWDSOURCE

THE TRUTH DOING BUSINESS AS 21ST
CENTURY 3D, ODYSEE HOLDINGS, INC.,
A DELAWARE CORPORATION, LBRY,
INC., A DELAWARE CORPORATION,
GEORGE WEBB SWEIGERT,

        *Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**                      D.G. Sweigert, pro se, Box
Elder, SD.

**FOR DEFENDANT-APPELLEE:**                Jason Goodman, pro se,
New York, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 1, 2024 judgment and the November 18, 2024 order of the District Court are **AFFIRMED**.

D.G. Sweigert, proceeding pro se, appeals from the District Court's judgment dismissing his action and from the order denying his Federal Rule of Civil Procedure 59(e) motion and his request for an extension of time to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the

2

issues on appeal, which we reference only as necessary to explain our decision to affirm.

As an initial matter, Sweigert's notice of appeal encompasses both the judgment, and the subsequent order, denying his request for an extension and Rule 59(e) motion. *See* Fed. R. App. P. 3(c)(5)(B). However, Sweigert's appellate brief focuses solely on the order denying his Rule 59(e) motion and his request for an extension; he raises no arguments challenging the dismissal order. Accordingly, he has abandoned any challenge to the underlying judgment. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

We review the denial of an extension of time and the denial of a Rule 59(e) motion for abuse of discretion. *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 283–84 (2d Cir. 2005) (per curiam) (extension); *Salamone v. Douglas Marine Corp.*, 111 F.4th 221, 233 (2d Cir. 2024) (Rule 59(e)).

The District Court did not abuse its discretion in denying Sweigert's request for an extension of time to amend or his Rule 59(e) motion. As the District Court explained, neither Sweigert's extension request nor his Rule 59(e) motion suggested that he would cure the extensive deficiencies in his amended complaint if the court granted reconsideration and an extension of time to move to amend. Accordingly, the District Court's ruling was well within the range of permissible decisions. *See Salamone*, 111

3

F.4th at 233 ("A court abuses its discretion in ruling on [a Rule 59(e)] motion if its decision either rests on an error of law or a clearly erroneous finding of fact, or cannot be located within the range of permissible decisions.").

We have considered Sweigert's remaining arguments and find them to be without merit.[1]  Accordingly, we **AFFIRM** the November 1, 2024 judgment and the November 18, 2024 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]  We deny as unnecessary Sweigert's motions to supplement the record on appeal.  *See* Fed. R. App. P. 10(a).  We deny Goodman's motions for summary dismissal, sanctions, to remand, and to strike.

4